FILED

JUL 21 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Magistrate Case No. **08MJ8646** |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| Jose Luis RIVAS-Noriega, | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on July 16, 2008, to determine whether defendant Jose Luis RIVAS-Noriega, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Diane Regan of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the criminal complaint issued against the Defendant on July 16, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///
///
///
///

I

FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)</u>

1. The Defendant is charged in Criminal Complaint No. 08MJ8646 with the importation of 31.60 kilograms (69.70 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C. § 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u> 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. <u>See</u> 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 34. <u>See</u> USSG § 2D1.1(3). Assuming the Defendant's criminal history score places him in Criminal History Category I, <u>See</u> USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):</u>

1. On July 15, 2008, Defendant was the driver and registered owner of 2008 Honda Sedan, as he entered the United States at the Calexico, California, West Port of Entry. Defendant appeared apprehensive as he handed his document to CAPO Cunningham. Defendant and the vehicle were referred to the secondary inspection lot for further inspection. During secondary inspection, a Narcotic Detector Dog alerted to the roof area of the vehicle. A subsequent inspection of the vehicle resulted in the discovery of 31.60 kilograms (69.70 pounds) of cocaine concealed within a compartment in the headboard area of the vehicle.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):</u>

1. The Defendant is a citizen of Mexico.

2. The Defendant resides in Mexicali, Baja California, Mexico.

3. The Defendant's wife and children reside in Ciudad Oregon, Sonora, Mexico

1         4.     The Defendant has no legal right to remain or work in the United States, as he only possesses a Border Crossing Card.

      D.     <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

        1.     The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

II

REASONS FOR DETENTION

    A.     There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 08MJ8646, to wit: the importation of 31.60 kilograms (69.70 pounds) of cocaine in violation of 21 U.S.C. §§ 952 and 960.

    B.     The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

    C.     The Defendant has not rebutted the presumption, based upon the Court's findings, that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), and that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

///

///

1  While in custody, upon order of a court of the United States or upon the request of an attorney
2  for the United States, the person in charge of the correctional facility shall deliver the Defendant to the
3  United States Marshal for the purpose of an appearance in connection with a court proceeding or any
4  other appearance stipulated to by defense and government counsel.

5  THIS ORDER IS ENTERED WITHOUT PREJUDICE.

6  IT IS SO ORDERED.

7  DATED: 7-21-08

_____
PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

/s/ John F. Weis
JOHN F. WEIS
Assistant U. S. Attorney

cc:  Diane Regan
     Federal Defenders of San Diego, Inc.

4